**PONY EXPRESS COURIER CORP. and Charles Bouie, Appellants**

v.

**Diane MORRIS, Appellee.**

**No. 04-95-00487-CV.**

Court of Appeals of Texas, San Antonio.

April 17, 1996.

James M. Hill, Small, Craig & Werkenthin, P.C., San Antonio, Matt Dow, Karyn Scott, Small, Craig & Werkenthin, P.C., Austin, for appellants.

Michele Petty, Law Offices of Michele Petty, San Antonio, for appellee.

Before RICKHOFF, STONE and GREEN, JJ.

PER CURIAM.

This interlocutory appeal questions whether an arbitration agreement is unconscionable as a matter of law. Appellants, Pony Express Corporation and Charles Bouie, moved to stay litigation and compel arbitration on the basis of an arbitration agreement with the appellee, Diane Morris. Without an evidentiary hearing, the trial court found the agreement unconscionable and denied the appellants' motion. We conclude the trial court abused its discretion in finding the agreement unconscionable per se, and we reverse and remand.

## Summary of Facts

According to Morris's petition and the appellants' brief, Pony Express employed Morris as a full-time warehouse worker and Bouie as a night dispatch operator. Morris contends Bouie sexually harassed her at work. She sued the appellants for negligence, gross negligence, sexual harassment, assault and battery, intentional infliction of emotional distress, discrimination, retaliation, and violations of the Texas Commission on Human Rights Act, the Texas Labor Code, and Texas OSHA statutes.

When Morris applied for work at Pony Express's warehouse, she signed an arbitration agreement that provided as follows:

If employed, I agree that all claims relating to my employment, other than worker's compensation claims or claims arising under a non-compete agreement, shall be settled exclusively by expedited arbitration, without discovery. There shall be one arbitrator, chosen by the American Arbitration Association and the claim otherwise processed in accordance with AAA rules. Any award to me shall be limited to the lesser of (i) any actual lost wages, (ii) an amount not to exceed six months' wages, or (iii) in an appropriate case, reinstatement. The cost of arbitration shall be shared equally between me and the company.
You may wish to consult an attorney prior to signing this application. If so, please take this form with you. However, you will not be offered employment until it is signed without modification and returned.[1]

Based on this agreement, the appellants moved to stay the litigation and compel arbitration. The motion attached the arbitration agreement but did not include the preceding portions of Morris's job application or any other supporting evidence. Morris did not file a written response. Although the trial court held a hearing on appellants' motion, it found the arbitration agreement unconscionable without hearing evidence.

## Arguments on Appeal

In one point of error, the appellants maintain the trial court erred in denying their motion to compel because (1) there was no evidence of unconscionability; (2) there was no pleading of unconscionability; and (3) the arbitration agreement was valid. We first discuss the appellants' evidentiary complaint as it relates to the proper standard of appellate review.

### 1. Standard of Review

At oral argument before this court, the parties admitted that no evidentiary hearing was held on the appellants' motion to compel arbitration, yet they contend the proper standard of review is "no evidence." More particularly, the appellants argue that they are entitled to reversal because Morris had the burden of proof during the hearing and, with-

---

1. For ease of reading, all capitals altered to up-    per and lower case.

out a statement of facts, she cannot point to any evidence supporting the trial court's finding of unconscionability. Morris counters that appellants waived their sufficiency complaint because it was their duty to bring forward a statement of facts, even one demonstrating the lack of evidence. While these arguments correctly highlight the evidentiary problems in this case, they incorrectly state the standard of appellate review.

■ For their contention that unconscionability is reviewed on appeal with the "no evidence" standard, the appellants cite *Hearthshire Braeswood Plaza Ltd. Partnership v. Bill Kelly Co.*, 849 S.W.2d 380, 384 (Tex.App.—Houston [14th Dist.] 1993, writ denied), where unconscionability was raised for the first time on appeal. In *Hearthshire Braeswood*, however, the appellate court declined to address unconscionability; instead, it applied the "no evidence" standard to the arbitration opponent's fraud defense, *id.* at 389–90, which is the appropriate standard when reviewing factual questions concerning an order denying arbitration, *see id.* at 384. Unconscionability, on the other hand, is a question of law for the trial court. Tex.Civ. Prac. & Rem.Code Ann. § 171.001 (Vernon Supp.1996); *Tri–Continental Leasing Corp. v. Law Office of Richard W. Burns*, 710 S.W.2d 604, 609 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (op. on reh'g).

■ When a matter involving both factual determinations and legal conclusions is decided by the trial court, Texas courts generally employ the abuse of discretion standard. *See, e.g., Donwerth v. Preston II Chrysler–Dodge*, 775 S.W.2d 634, 637 n. 3 (Tex.1989) (groundless claims under the Texas Deceptive Trade Practices—Consumer Protection Act); *Texas Dep't of Health v. Texas Health Enter., Inc.*, 871 S.W.2d 498, 508 (Tex.App.—Dallas 1993, writ denied) (jurisdiction); *North Alamo Water Supply Corp. v. Texas Dep't of Health*, 839 S.W.2d 448, 454–55 (Tex. App.—Austin 1992, writ denied) (interpretation of administrative rule); *Nail v. Thompson*, 806 S.W.2d 599, 601–02 (Tex.App.—Fort Worth 1991, no writ) (ambiguity of will provision); *Escue v. Reed*, 790 S.W.2d 717, 720 (Tex.App.—El Paso 1990, no writ) (child support). By applying the abuse of discretion standard, the reviewing court defers to the trial court's factual determinations while properly fulfilling its role to determine questions of law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (describing appellate review of the trial court's legal determinations as less deferential than review of factual determinations); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ Unconscionability involves both questions of law and fact and is committed to the trial court by statute. Accordingly, to ensure that we fulfill our role as an appellate court without impinging upon matters committed to the trial court's discretion, we apply the abuse of discretion standard to the trial court's decision about the unconscionability of an arbitration agreement.[2] Because the abuse of discretion standard applies, neither Morris nor appellants waived error by failing to bring forward a statement of facts establishing that no evidence was heard by the trial court. *See Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 180–81 (Tex.1993) (defendants not required to obtain transcriptions of non-evidentiary hearings to preserve error); *Walker*, 827 S.W.2d at 837 & n. 3 (affidavit established the lack of an evidentiary hearing); *Byrd v. Attorney General*, 877 S.W.2d 566, 568 (Tex.App.—Beaumont 1994, no writ) (statement of facts not needed to consider question of law).

## 2. Pleading Unconscionability

■ The appellants maintain the trial court erred in denying their motion to com-

**2.** We note, however, that, under the abuse of discretion standard, de novo review will also be appropriate for issues that do not require extrinsic evidence. *Cf. Fridl v. Cook*, 908 S.W.2d 507, 511 (Tex.App.—El Paso 1995, writ filed); *Texas Private Employment Ass'n v. Lyn–Jay Int'l, Inc.*, 888 S.W.2d 529, 531 (Tex.App.—Houston [1st Dist.] 1994, no writ). As explained more fully below, unconscionability is not such an issue. We disagree with any suggestion in *Fridl* that unconscionability is reviewed under the "no evidence" standard. 908 S.W.2d at 511 n. 2 (citing *Hearthshire Braeswood* in finding "[t]here is no evidence to support this theory [of implied unconscionability], so we cannot affirm on that ground").

pel arbitration because Morris did not plead unconscionability as required by TEX.R.CIV.P. 94, pertaining to affirmative defenses.[3] While Morris did not plead unconscionability or raise the issue in a written response to appellants' motion to compel arbitration, the appellants did not bring forward a record that demonstrates they brought this deficiency to the trial court's attention. Consequently, they waived their complaint on appeal. *See Shoemake v. Fogel, Ltd.,* 826 S.W.2d 933, 937 (Tex.1992); *Srite v. Owens–Illinois, Inc.,* 870 S.W.2d 556, 564 (Tex.App.—Houston [1st Dist.] 1993, no writ); TEX.R.APP.P. 52(a).

### 3. Validity of the Agreement

■ The appellants assert the trial court erred in denying their motion to compel because their arbitration agreement is valid. Specifically, they maintain that arbitration agreements between employers and employees should be enforced under *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

In *Gilmer,* the Supreme Court held that a federal claim for age discrimination was subject to a compulsory arbitration agreement in a securities registration application. 500 U.S. at 35, 111 S.Ct. at 1657. Although the court rejected the plaintiff's claim of unequal bargaining power, it recognized that such claims were best left to individual resolution. *Id.* 500 U.S. at 33, 111 S.Ct. at 1655–56. In addition, while *Gilmer* describes the arbitrability of statutory claims, it does not address the enforceability of arbitration agreements. Here, the issue is not whether Morris' claims are arbitrable at all, but whether they are arbitrable under this particular arbitration agreement. Thus, *Gilmer* is instructive but not dispositive.

■ An agreement to arbitrate is valid absent grounds for the revocation of a contract, such as unconscionability. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 171.001 (Vernon Supp.1996); *Emerald Texas, Inc. v. Peel,* 920 S.W.2d 398, 401 (Tex.App.—Houston [1st Dist.] 1996, n.w.h.). In general, the term "unconscionability" describes a con-

tract that is unfair because of its overall one-sidedness or the gross one-sidedness of one of its terms. *Currey v. Lone Star Steel, Co.,* 676 S.W.2d 205, 213 (Tex.App.—Fort Worth 1984, no writ); *see also* TEX.BUS. & COM.CODE ANN. § 17.45(5) (Vernon Supp. 1996) (describing unconscionable actions under the Texas Deceptive Trade Practices—Consumer Protection Act); TEX.BUS. & COM. CODE ANN. § 2.302 (Vernon 1994) (discussing unconscionable contracts under the Uniform Commercial Code). "Unconscionability" has no precise legal definition because it is not a concept but a determination to be made in light of a variety of factors. *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 498 (Tex.1991) (Gonzalez, J., concurring) (citing 1 J. WHITE & R. SUMMERS, UNIFORM COMMERCIAL CODE § 4–3 at 203 (3d ed. 1988)); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 208, comment a (1979) (including "weaknesses in the contracting process" and related public policy concerns).

■ Although no single formula exists, proof of unconscionability begins with two broad questions: (1) How did the parties arrive at the terms in controversy; and (2) Are there legitimate commercial reasons justifying the inclusion of the terms? *DeLanney,* 809 S.W.2d at 498–99 (Gonzalez, J., concurring). The first question, often described as the procedural aspect of unconscionability, is concerned with assent and focuses on the facts surrounding the bargaining process. *Id.* at 499; *Tri–Continental Leasing Corp.,* 710 S.W.2d at 609. The second question, often described as the substantive aspect of unconscionability, is concerned with the fairness of the resulting agreement. *DeLanney,* 809 S.W.2d at 499 (Gonzalez, J., concurring); *Wade v. Austin,* 524 S.W.2d 79, 86 (Tex.Civ. App.—Texarkana 1975, no writ). In short, unconscionability must be determined on a case-by-case basis. *Pearce v. Pearce,* 824 S.W.2d 195, 199 (Tex.App.—El Paso 1991, writ denied). For that reason, there is nothing unconscionable per se about an arbitration contract. *See Peel,* 920 S.W.2d at 402

---

3. Because appellants requested the hearing on their motion, we do not read their complaint as a challenge to Morris' entitlement to a hearing. *Cf. Prudential Sec., Inc. v. Banales,* 860 S.W.2d 594, 597 (Tex.App.—Corpus Christi 1993, orig.

proceeding) (holding that arbitration opponents are not entitled to a hearing without first producing admissible evidence demonstrating their defensive theory).

(basing its conclusion on contract principles and the atmosphere favoring arbitration).

The arbitration agreement in this case excludes other remedies, eliminates discovery, limits damages and the choice of arbitrators, and allocates costs equally between the parties. Morris contends that, taken together, these factors make the provision unconscionable.

Although binding arbitration seems harsh, it is a permissible alternative that favors neither party. *See, e.g., L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 352 (Tex.1977). For that reason, equal cost sharing is not only enforceable, *see* Wade R. Habeeb, Annotation, *Liability of Parties to Arbitration for Costs, Fees and Expenses,* 57 A.L.R.3d 633, 658 (1974 & Supp.1995), but is also a standard feature of arbitration clauses. *See, e.g., Fridl,* 908 S.W.2d at 510; *Kline v. O'Quinn,* 874 S.W.2d 776, 781 (Tex.App.— Houston [14th Dist.] 1994, writ denied), *cert. denied,* —— U.S. ——, 115 S.Ct. 2579, 132 L.Ed.2d 829 (1995); *Babcock & Wilcox Co. v. PMAC, Ltd.,* 863 S.W.2d 225, 231 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Likewise, by allowing the American Arbitration Association to assign the arbitrator, neither party to this agreement is favored in the choice of the arbitrator.

In *Gilmer,* the court observed that parties who arbitrate agree to trade the procedures of the courtroom for the simplicity, informality, and expediency of arbitration. 500 U.S. at 31, 111 S.Ct. at 1655. Discovery may be limited as in *Gilmer, see id.,* or eliminated as in some federal courts, *see* CIVIL JUSTICE EXPENSE & DELAY REDUCTION PLAN (1991), *reprinted in* TEXAS RULES OF COURT: FEDERAL (West 1995) (adopted by the U.S. District Courts for the Eastern District of Texas). As for the limitation on damages, we note that federal policy allows such limitations when statutory rights are not mandated. *Compare Graham Oil Co. v. Arco Prods. Co.,* 43 F.3d 1244, 1247–48 (9th Cir.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 275, 133 L.Ed.2d 195 (1995) (limited damages in arbitration clause evaded protections created by the Petroleum Marketing Practices Act) *with Kinnebrew v. Gulf Ins. Co.,* 1994 WL 803508, at *2 (N.D.Tex., Nov. 28, 1994), 67 Fair Empl.Prac.Cas. (BNA) 189 (no evidence that limited damages violated Texas law).

Individually, the provisions of Morris's arbitration agreement are not unconscionable. Without the circumstances surrounding the agreement, we cannot determine whether, taken together, the provisions are unconscionable. Morris asserts that she is a minimum wage employee, without equal bargaining power, who was economically coerced into signing the agreement by a national corporation. These facts were not before the trial court and are not before us. We therefore conclude the trial court abused its discretion in finding the arbitration agreement unconscionable. *Cf. Peel,* 920 S.W.2d at 402–03 (finding no evidence to support the contention that an arbitration agreement in an earnest money contract was unconscionable).

### Conclusion

We sustain the appellants' point of error but do not compel arbitration. In those cases in which the appellate court reversed the trial court's order denying arbitration and also compelled arbitration, the appellate court applied the "no evidence" standard of review and rendered the judgment the trial court should have rendered. We find that action inappropriate in this case, given the appropriate standard of review and lack of factual development. We reverse the trial court's order denying arbitration and remand the cause for further proceedings consistent with this opinion.