NUMBER 13-99-011-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DEBORAH LOUISE ROBERTS
, Appellant,


v.



FRUCTUOSO R. IRIGOYEN, INDIVIDUALLY 

AND D/B/A THE COMPREHENSIVE HEALTH CENTER
, Appellee.

___________________________________________________________________


On appeal from the 92nd District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden



 This is an appeal of the trial court's dismissal of a lawsuit and
imposition of sanctions pursuant to section 13.01 of the Medical
Liability and Insurance Improvement Act, codified at Tex. Rev. Civ. Stat.
Ann. art. 4590i (Vernon Supp. 2000).

 Appellant Deborah L. Roberts brought suit against Fructuoso
Irigoyen, individually and d/b/a The Comprehensive Health Center,
alleging psychiatric malpractice. Appellee Fructuoso Irigoyen moved for
dismissal of the lawsuit and for sanctions based on Roberts's failure to
produce an expert report as required by the Medical Liability and
Insurance Improvement Act (the "Act"). The trial court dismissed the
lawsuit and awarded Irigoyen $5,000.00 in attorney's fees.

 Roberts raises two issues on appeal. First, Roberts contends that
the trial court erred in dismissing the lawsuit because the trial court
retroactively applied the "1997" amendments to section 13.01 of the
Medical Liability and Insurance Improvement Act. Second, Roberts
alleges that Irigoyen failed to produce sufficient evidence to support the
award of attorney's fees.

 We affirm the trial court's judgment.

Facts


 Roberts initially filed suit in this matter on June 10, 1997. On
August 14, 1997, Roberts filed responses to interrogatories which
included the identity of her expert witness and provided a summary of
certain of his opinions, but these interrogatory responses did not
establish the standard of care or address the issue of causation. On
August 14, 1998, Irigoyen filed a motion to dismiss based on Roberts's
failure to provide an expert report, and requested attorney's fees. 
Roberts did not file a response to this motion to dismiss, nor did she file
a request for extension of time to file her expert report. 

 At the hearing on the motion to dismiss, held on September 9,
1998, Roberts argued that her failure to produce a report was an
oversight, and was neither intentional nor the result of conscious
indifference. Roberts further argued that her interrogatory responses
identified her expert and provided the substance of his opinions. 
Finally, Roberts orally requested an extension of time to file her report,
stating that the report would be filed within ten days of the hearing, if
not sooner. Concomitantly, Roberts offered to file a $7,500.00 bond
pending the provision of her expert report. 

 The trial court granted Irigoyen's motion to dismiss without
expressly ruling on Roberts's request for an extension of time. Roberts
did not thereafter file her expert's report. On October 9, 1998, Roberts
filed a motion for reconsideration, again requesting an extension of
time, but she did not file an expert report. In her motion for
reconsideration, Roberts argued that her interrogatory responses
effectively served as an expert report, but she did not supplement those
interrogatory responses to address the standard of care or causation. 
Roberts's motion for reconsideration was overruled by the trial court on
December 9, 1998. 


Standard of Review


 Roberts contends that the dismissal of a lawsuit under section
13.01 is governed by the standard of review applicable to no-evidence
summary judgments rather than an abuse of discretion standard, citing
Palacios v. American Transitional Care Ctrs. of Texas, Inc., 4 S.W.3d
857 (Tex. App.--Houston [1st Dist.] 1999, no pet.). In Palacios, the First
Court of Appeals refused to apply an abuse of discretion standard to
dismissals pursuant to section 13.01 because the abuse of discretion
standard was adopted to deal with misconduct in litigation. The First
Court chose to apply a more lenient standard to dismissals under
section 13.01, stating that "We doubt that a plaintiff must produce
more proof now, at this preliminary stage, than he would have to
produce in responding to a motion for summary judgment." Id. at 860.

 In contrast to the First Court's application of the summary
judgment standard of review, all other courts of appeals that have
addressed this issue, including this Court, have applied an "abuse of
discretion" standard to the dismissal of a suit under section 13.01. See,
e.g., Schorp v. Baptist Mem'l Health Sys., 5 S.W.3d 727, 731 (Tex.
App.--San Antonio 1999, no pet. h.); Nguyen v. Kim, 3 S.W.3d 146, 151
(Tex. App.--Houston [14th Dist.] 1999, no pet.); Martinez v.
Lakshmikanth, 1 S.W.3d 144, 146 (Tex. App.--Corpus Christi 1999, no
pet. h.); Presbyterian Health Care Sys. v. Afangideh, 993 S.W.2d 319,
313 (Tex. App.--Eastland 1999, pet. denied); Roberts v. Medical City
Dallas Hosp., 988 S.W.2d 398, 402 (Tex. App.--Texarkana 1999, pet.
denied); Estrello v. Elboar, 965 S.W.2d 754, 758 (Tex. App.--Fort Worth
1998, no pet.).

 This Court declines to adopt the standard of review applied by the
First Court of Appeals in Palacios, and will continue to apply an abuse
of discretion standard to the dismissal of a lawsuit under section 13.01. 
When matters involving both factual determinations and legal
conclusions are decided by the trial court, Texas courts generally
employ an abuse of discretion standard. See, e.g., Donwerth v. Preston
II Chrysler-Dodge, 775 S.W.2d 634, 637 n. 3 (Tex. 1989); Pony Express
Courier Corp. v. Morris, 921 S.W.2d 817, 820 (Tex. App.--San Antonio
1996, no writ). By applying the abuse of discretion standard, the
reviewing court defers to the trial court's factual determinations while
properly fulfilling its role to determine questions of law de novo. See
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992); Pony Express,
921 S.W.2d at 820. 

Medical Liability and Insurance Improvement Act


 In her first issue, Roberts alleges that the 1995 provisions of
section 13.01 of the Medical Liability and Insurance Improvement Act
govern this matter rather than the "1997" amendment to that section
applied by the trial court. However, a review of the history of section
13.01 reveals that this section was originally added to the Act in 1993,
and amended once in 1995. See Tex. Rev. Civ. Stat. Ann. art. 4590i
§13.01 (Vernon Supp. 2000)(originally enacted by Act of June 10, 1993,
73rd Leg., R.S., ch. 625, §3, 1993 Tex. Gen. Laws 2347, amended by
Act of May 18, 1995, 74th Leg., R.S., ch. 140, §1, 1995 Tex. Gen. Laws
985). There are no "1997" amendments to section 13.01. The 1995
amendments to this section became effective on September 1, 1995,
prior to the inception of this suit, and therefore govern this case. See
Tex. Rev. Civ. Stat. Ann. art. 4590i §13.01 historical note (Vernon Supp.
2000)[Act of May 18, 1995, 74th Leg., R.S., ch. 140, §6, 1995 Tex. Gen.
Laws 985, 989].

 Under the 1995 amendments, the Act requires claimants to file an
expert report together with the expert's curriculum vitae no later than
180 days after the suit is filed. Tex. Rev. Civ. Stat. Ann. art. 4590i,
§13.01(d) (Vernon Supp. 2000). The Act provides that if the claimant
fails to timely provide the report, or alternatively, nonsuit his claim, the
trial court "shall" dismiss the suit with prejudice upon defendant's
motion. Id. at §13.01(e). The Act further provides that a court shall
grant a motion challenging the adequacy of an expert report only if it
appears to the court, after hearing, that the report does not represent
a good faith effort to comply with the definition of an expert report. Id.
at §13.01(l).

 Roberts failed to produce an expert report. However, Roberts
contends that her discovery responses effectively constitute an expert
report and suffice to meet the statute's requirements. In her discovery
responses filed on August 14, 1997, Roberts identified her expert and
summarized some of his opinions in her interrogatory answers, and
produced her expert's curriculum vitae in response to a request for
production. 


 The statute defines an "expert report" as follows:

 [A] written report by an expert that provides a fair summary
of the expert's opinions as of the date of the report regarding
applicable standards of care, the manner in which the care
rendered by the physician or health care provider failed to
meet the standards, and the causal relationship between
that failure and the injury, harm, or damages claimed.


Id. at §13.01(r)(6). Under this provision, Roberts failed to produce a
"written" expert report as referenced by the statute because Roberts's
interrogatory responses fail to include the substantive requirements for
an expert report as identified in the statute. Specifically, Roberts's
responses fail to identify the applicable standards of care and fail to
establish a causal relationship between the failure to meet the standard
of care and the injury claimed. Significantly, section 13.01 of the Act
was enacted to address the problem of claims being filed without
adequate investigation. See id. at §13.01; see Horsely-Laymann v.
Angeles, 968 S.W.2d 533, 537 (Tex. App.--Texarkana 1998, no pet.). 


 During the hearing on the motion to dismiss, Roberts orally
requested an extension of time to file her report. The statute contains
two provisions allowing claimants to obtain additional time to file expert
reports. See Tex. Rev. Civ. Stat. Ann. art. 4590i §13.01(f), (g) (Vernon
Supp. 2000). However, this Court does not reach the issue of whether
the trial court's refusal to grant Roberts's oral request for an extension
constituted an abuse of discretion because Roberts does not complain
on appeal about the refusal to grant an extension.


Sanctions


 In her second issue, Roberts challenges the trial court's award of
$5,000.00 in attorney's fees. Roberts asserts that the affidavit of
Matthew T. McCracken, Irigoyen's attorney, amounts to no evidence
because it does not specify the attorney's billing rate per hour or the
amount of time spent in defending the lawsuit.

 The statute authorizes the trial court to impose sanctions for the
failure to produce expert reports. The statute provides:

 [T]he court shall, on the motion of the affected physician or
health care provider, enter an order awarding as sanctions
against the claimant or the claimant's attorney: (1) the
reasonable attorney's fees and costs of court incurred by
that defendant; (2) the forfeiture of any cost bond respecting
the claimant's claim against that defendant to the extent
necessary to pay the award; and (3) the dismissal of the
action against that defendant with prejudice to the claim's
refiling.


Id. at §13.01(e). According to Estrello v. Elboar, 965 S.W.2d 754, 759
(Tex. Civ. App.--Fort Worth 1998, no pet.), nothing in this section
modifies the general rule that a party seeking attorney's fees must put
on evidence of attorney's fees. 

 As evidence of attorney's fees, Irigoyen produced the affidavit of
Matthew T. McCracken. The affidavit reads as follows:

 Attorney's fees incurred in FRUCTUOSO IRIGOYEN, M.D.'s
defense in this case are in excess of $5,000.00. Given the
amount of time and effort spent on defending FRUCTUOSO
IRIGOYEN, M.D. in this suit, as evidenced by the pleadings
on file herein and based upon my personal knowledge, as a
member of the law firm defending FRUCTUOSO IRIGOYEN,
M.D. of what has been entailed in FRUCTUOSO IRIGOYEN,
M.D.'s defense and, based on the complexity of the legal
issues presented in this case, it is my opinion that these
attorney's fees are reasonable and necessary.


Roberts did not object to this affidavit, and therefore waived her
complaint about the award of attorney's fees. See Tex. R. App. P.
33.1(a). Moreover, the testimony of an attorney concerning the
amount, reasonableness, and necessity of attorney's fees constitutes
sufficient evidence to support an award of fees. See, e.g., LaSara Grain
v. First Nat'l Bank, 673 S.W.2d 558, 567 (Tex. 1984). In the absence
of any objection, the affidavit of Matthew T. McCracken constitutes
some evidence to support the award of attorney's fees under the criteria
set out in the LaSara Grain case. Id.

Conclusion


 We affirm the trial court's judgment.




 __________________________________

 ROBERT J. SEERDEN, Chief
Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 4th day of May, 2000.