NUMBER
13-04-183-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

RICHARD PICKAR AND
LAREE PICKAR,                                    Appellants,

                                                             v.

GERALD F. BERGER AND PATRICIA MARY
STACY,                 Appellees.

 

 

                    On appeal from the 138th District
Court

                                       of
Cameron County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








This is an appeal of a final judgment in favor of
appellees, Gerald F. Berger and Patricia Mary Stacy, and granting them title to
a disputed parcel of land.  In three
issues presented, appellants, Richard and Laree Pickar, claim (1) the doctrine
of res judicata bars the litigation of appellees=
adverse possession defense, (2) the evidence was legally insufficient to
support the verdict, and (3) the evidence was factually insufficient to support
the verdict.  We affirm.

I. ANALYSIS

1.  Res
Judicata

In the first issue presented, appellants assert that
res judicata bars appellees from claiming adverse possession of the land parcel
in question.  Appellants claim that the
trial court severed an action initiated by appellees against a third party, Ira
Martin, from the current case.  Martin
purchased a plot of land from appellees and later sold the land, including the
parcel in question, to appellants. 
Appellants contend that the adjudication of the severed case in favor of
Martin and against appellees bars appellees from claiming adverse possession in
the current case, and, furthermore, the deed from appellees to Martin should
have barred appellees= adverse possession claims on the grounds of
estoppel by deed.








The determination of whether the doctrine of res
judicata prevents a trial court from hearing a claim that has been previously
adjudicated is a mixed question of law and fact.  Pinebrook Props., Ltd. v. Brookhaven Lake
Prop. Owners Ass=n, 77
S.W.3d 487, 495 (Tex. App.BTexarkana 2002, pet. denied); see Pony Express
Courier Corp. v. Morris, 921 S.W.2d 817, 820 (Tex. App.BSan Antonio 1996, no writ).  When a trial court decides an issue involving
both factual determinations and legal conclusions, appellate courts generally
use the abuse of discretion standard of review.  Pinebrook Props., Ltd., 77 S.W.3d at
495.   In applying this standard, the
appellate court generally defers to the factual findings made at the trial
level as long as they are supported in the record, and will review the legal
determinations de novo.  Pony Express,
921 S.W.2d at 820.

Res judicata is a general term for the conclusive
effects given to final judgments.  Barr
v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).  Within this general doctrine are the two
principal categories of claim preclusion (also known as res judicata), and
issue preclusion (also known as collateral estoppel).  For the doctrine of res judicata to bar
further litigation of a claim, there must be proof of the following:  (1) 
the existence of a prior final judgment on the merits by a court of
competent jurisdiction; (2) the identity of parties or those in privity with
them; and (3) a second action based on the same claims that were raised or
could have been raised in the first action. 
Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex.
1996).  For the doctrine of collateral
estoppel to bar re-litigation of an issue, it must be proved that (1) the facts
sought to be litigated in the second action were fully and fairly litigated in
the first action, (2) those facts were essential to the judgment in the first
action, and (3) the parties who litigated the issue in the first action were
cast as adversaries.  Sysco Food
Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994).








A party
asserting the doctrine of res judicata as a defense has the burden of
establishing evidence that proves it applies, which includes the judgment and
pleadings from the previous suit.  Scurlock
Oil Co. v. Smithwick, 787 S.W.2d 560, 562 (Tex. App.BCorpus Christi
1990, no writ).  Similarly, the doctrine
of collateral estoppel requires proof by the asserting party of applicability
through evidence including court documents. 
 City of Houston v. Houston
Chronicle Pub. Co., 673 S.W.2d 316, 321 (Tex. App.BHouston [1st
Dist.] 1984, writ ref=d n.r.e.).

Appellants
present no evidence to show that any issue or claim relating to the case at
hand has been previously adjudicated before a Texas court.  Appellants assert that a  trial court order granting summary judgment
in favor of Martin and against appellees establishes that appellees have no
claim to the land parcel in question, yet they have provided no evidence of the
existence of this separate proceeding. 
Appellants have not produced, at either the trial or appellate level, a
judgment or pleadings of the case that could establish the applicability of res
judicata or collateral estoppel. 
Therefore, appellants have failed to meet the burden required to bar the
litigation of ownership of the disputed land parcel.  See id.; see also Scurlock Oil Co.,
787 S.W.2d at 562.

Furthermore,
appellants claim that the deed in which appellees grant the entire plot to
Martin bars appellees from raising a claim of adverse possession.  We construe this argument as asserting a
claim of estoppel by deed.  See
McLaren v. Beard, 811 S.W.2d 564, 568 (Tex. 1991).  However, this claim of estoppel by deed was
not asserted in any pleadings before the trial court and is being raised for
the first time on appeal.  Claims not
made to the trial court generally cannot be raised for the first time on
appeal.  Coastal Liquids Transp., L.P.
v. Harris County Appraisal Dist., 46 S.W.3d 880, 885 (Tex. 2001).  Therefore, appellants have waived their
ability to raise this argument here. 

Accordingly, we
overrule appellants= first issue.

2.  Legal and Factual Sufficiency








In the second
and third issues presented, appellants claim that the evidence is legally and
factually insufficient to support to trial court=s
judgment.  Appellants assert that appellees= actions,
specifically those of appellee, Gerald Berger, were insufficient to warrant a
judgment on the grounds of adverse possession. 
They argue that appellees= use of the land
parcel in question was sporadic and irregular and that visible appropriation
had not occurred.

An appellate
court reviews the trial court=s findings of
fact during a bench trial in the same manner as a jury=s findings
would be reviewed.  See Catalina v.
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). 
In reviewing the legal sufficiency of the evidence, only the evidence
and inferences that tend to support the challenged findings are to be
considered.  Id.  All evidence and inferences to the contrary
are to be disregarded.  Id.   A challenge of legal sufficiency cannot be
sustained if there is more than a scintilla of evidence to support the
findings.  Id.

When performing
a factual sufficiency review, the evidence must demonstrate that the adverse
finding is against the great weight and preponderance of the evidence.  Dow Chem. Co. v. Francis, 46 S.W.3d
237, 242 (Tex. 2001).  The court of
appeals must consider and weigh all of the evidence, and can only set aside a
verdict if the evidence is so weak or if the finding is so against the great
weight and preponderance of the evidence that it is clearly wrong or
unjust.  Id.








Adverse
possession is defined as Aan actual and
visible appropriation of real property commenced and continued under a claim of
right that is inconsistent with and is hostile to the claim of another person.@  Tex.
Civ. Prac. & Rem. Code Ann. _ 16.021(1)
(Vernon 2004); see Rhodes v. Cahill, 802 S.W.2d 643, 645 (Tex.
1990).  A person must bring suit no later
than ten years after the day the cause of action accrues to recover real
property held in peaceable and adverse possession by another who cultivates,
uses, or enjoys the property.  Tex. Civ. Prac. & Rem. Code Ann. _ 16.026 (Vernon
2004).

Although
adverse possession must be hostile to the rights of the record owner, there is
no requirement that the person adversely possessing the land know of those
rights or have an intent to dispossess the record owner.  Calfee v. Duke, 544 S.W.2d 640, 642
(Tex. 1976).  The possession must simply
be visible, open and notorious.  Id.  Adverse possession does not require actual,
express notice be provided to the record holder, and constructive notice may be
presumed from the nature and extent of the acts of the person adversely
possessing the land.  Tex-Wis. Co. v.
Johnson, 534 S.W.2d 895, 899 (Tex. 1976).

Viewing the
evidence that would support the decision of the trial court, we conclude that
the ruling in appellees= favor was
legally sufficient.   The evidence shows
that appellee Berger planted and maintained an oak tree on the property, cut
down a palm tree, built a deck extending several feet into the disputed parcel
of land, paid taxes on the land, watered the grass through means of a sprinkler
system he had installed, and questioned or drove off trespassing persons.  Evidence shows that appellee Berger had
cultivated and maintained the disputed land from the time that Martin purchased
it on January 23, 1992, until this suit was brought on July 15, 2002.  Although appellees believed the parcel in
question was their own property, the law does not require intent to dispossess
the record owner of the property adversely possessed.   See Calfee, 544 S.W.2d at 642.









As appellees
visibly appropriated and possessed the land in a peaceable manner that
constructively gave notice to appellants, and the ten-year statutory
requirement for adverse possession was met, appellants= legal sufficiency
challenged is overruled.

As for
appellants= factual
sufficiency challenge, we see there was evidence that appellants planted
flowers around the palm tree stump and occasionally watered foliage on the
disputed land.  The scant evidence
showing possession by appellants fails to make the trial court=s conclusion so
beyond the great weight and preponderance of the evidence as to create a
clearly wrong or unjust decision.  Dow
Chem. Co., 46 S.W.3d at 242. 

Accordingly,
appellants= third issue is
overruled.

II.  Conclusion

We affirm the
judgment of the trial court.    

 

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Memorandum Opinion delivered and filed

 

this 18th day of August,
2005.