*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00060-CV

**BION CONSTRUCTION, INC.,**
Appellant

v.

**GRANDE VALLEY HOMES, LLC,**
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-06065
Honorable Martha Tanner, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 9, 2009

AFFIRMED

Appellant Bion Construction, Inc. sued Appellee Grande Valley Homes, LLC for breach of contract as well as breach of an alleged mediated settlement agreement. This appeal arises from a final judgment wherein the trial court found no liability on behalf of Grande Valley and awarded Bion $100.00 in damages resulting from the failed real estate transaction. Because the evidence supports the trial court's findings, we affirm the judgment of the trial court.

## BACKGROUND

In the "Purchase and Sale Agreement" (PSA) at issue, the seller, Bion, is a successor-in-interest land developer, and Grande Valley is the purchaser. Under the PSA, Bion was to develop approximately fifty-acres of unimproved real property into 245 residential lots to be sold to Grande Valley.[1] Once Bion substantially completed the development, Bion would convey thirty lots every ninety-one days to the purchaser in official closings. Thus, after the first closing, the next closing would automatically be ninety-one days later.

The first closing took place on December 13, 2006. Thereafter the parties entered into another amendment to the PSA scheduling the second closing for no later than February 10, 2007. The second closing is the transaction at issue in this suit. The parties ran into further problems arranging for the second closing. Bion sent Grande Valley a number of default notices that included rights to cure. Grande Valley tendered its purchase money on March 21, 2007 claiming it was in accordance with Bion's request. Bion claimed it had previously terminated the PSA prior to March 21. Bion filed suit, but before serving Grande Valley, the parties participated in a mediation. However, there is a dispute regarding whether a settlement agreement was reached. After a bench trial, in its findings of fact and conclusions of law, the trial court found Grande Valley did not breach the agreement and timely asserted its right to cure.

## STANDARD OF REVIEW

In a bench trial, the trial court, as fact-finder, is the sole judge of the credibility of the witnesses. *Sw. Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied). The trial court's findings of fact have the same force and dignity as a jury's

---

[1] The contract was initially between Texas PMR, Inc. and Grande Valley Homes. Approximately six months after signing the agreement, PMR assigned the contract to Bion Construction.

verdict upon jury questions. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). However, the findings of fact are not conclusive when a complete reporter's record appears in the record. *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex. App.—San Antonio 1995, writ denied).

When the trial court's findings involve questions of law and fact, the appellate court reviews them for an abuse of discretion. *Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex. App.—San Antonio 1996, no writ). In applying the standard, the reviewing court defers to the trial court's factual determinations if they are supported by the evidence and reviews its legal determinations de novo. *Id.* Unless they are erroneous as a matter of law, conclusions of law will not be reversed, but rather, will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Tex. Dep't of Pub. Safety v. Stockton*, 53 S.W.3d 421, 423 Tex. App.—San Antonio 2001, pet. denied).

In analyzing a legal sufficiency challenge, an appellate court reviews the evidence in the light most favorable to the verdict in determining whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 821-22, 827 (Tex. 2005). In evaluating a factual sufficiency challenge, we consider and weigh all of the evidence and determine whether the evidence in support of a finding is so weak as to be clearly wrong and unjust or whether the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex. 1986).

## BREACH OF PURCHASE AND SALE AGREEMENT

Bion asserts the trial court erred in finding: (1) Grande Valley did not breach the PSA; (2) Grande Valley timely asserted its right to cure; and (3) Bion refused to follow through with the sale of the property. In construing a written contract, we ascertain and give effect to the parties' intentions as expressed in the document. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311-12 (Tex. 2005); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). We, therefore, look to the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing these provisions with reference to the whole agreement. *J.M. Davidson*, 128 S.W.3d at 229.

The evidence supports a number of amendments to the PSA extending the due diligence period delayed the second closing. Each one of the eight amendments to the PSA was due to Bion's failure to complete the infrastructure of the property. Because of these problems, the evidence supports Bion's extension of the February closing date. Mark Dizdar, President of Grande Valley, testified that Bion did not have the lots ready, and he knew of no scheduled closing in February. On February 28, 2007, Bion's attorney sent a twenty-day right to cure letter to Grande Valley stating that Grande Valley "has 20 days from today's date to cure the defaults." The original PSA permits a cure period and provides that the day the notice is sent is not counted in the cure period. The evidence supports that Grande Valley provided the funds required to close to the title company and was ready to close on March 21, 2007. As such, Grande Valley was timely in its performance on March 21, 2007.

Bion's arguments regarding Grande Valley's right to cure period expiring on "February 10 vs. March 2", as a matter of law, are without merit. Grande Valley received a twenty-day right to cure letter from Bion signed on February 28, 2007. Bion argues the same February 28,

2007 letter offering the right to cure effectively terminated the PSA. However, Grande Valley asserted defenses of estoppel and waiver before the trial court and the evidence in the record supports that Grande Valley was ready to close on March 21, 2007, and Bion refused to go through with the sale of the property. Accordingly, we defer to the trial court's findings that Grande Valley did not breach the PSA, and that Bion refused to perform under the contract. *See Catalina*, 881 S.W.2d at 297.

### MEDIATED SETTLEMENT AGREEMENT

Bion asserts the evidence does not support the trial court's finding that there is no mediated settlement agreement (MSA). Grande Valley argues there was never an intent to be bound by the negotiations and no mediated settlement agreement ensued. We agree.

### A. Intent to Be Bound

A mediated settlement agreement is enforceable in the same manner as any other contract. TEX. CIV. PRAC. & REM. CODE ANN. § 154.071 (a) (Vernon 2005). Its construction is governed by legal principles applicable to contracts generally. *Donzis v. McLaughlin*, 981 S.W.2d 58, 61 (Tex. App.—San Antonio 1998, no pet.). The intent of the parties to be bound by a mediated settlement agreement is an essential element of an enforceable contract and is generally a question of fact; however, where that intent is clear and unambiguous on the face of the agreement, it may be determined as a matter of law. *Anderton v. Schindler*, 154 S.W.3d 928, 932 (Tex. App.—Dallas 2005, no pet.); *see also Foreca, S.A. v. GRD Dev. Co., Inc*., 758 S.W.2d 744, 746 (Tex. 1988) ("[I]ntention is usually an inference to be drawn by the fact finder.").

The parties agreed to mediate on April 25, 2007. Present at the mediation were attorneys for each side, Howard Kahn and Jesse Murphy, as well as John Ripley, President of Bion, and Larry Contreras, Grande Valley San Antonio Division President. The parties negotiated the

MSA during the mediation. The initial pages of the MSA show disagreement as to the terms, and the final pages show a new hand written agreement with initials from the attorneys on each page. The final page of the MSA contains signatures from both attorneys under the heading "Approved as to Form." Ripley also signed in the space for Bion; however, the space for Grande Valley is clearly blank. At trial, Murphy testified that Contreras did not have authority to bind the company at the mediation, but rather "Mr. Dizdar [as President of Grande Valley] needed to sign the agreement." The evidence confirms that the attorneys and representatives left the meeting believing the parties had not reached an agreement. Based on our deference to the trial court's findings of fact, we affirm the trial court's determination that there was no mediated settlement agreement. *See Foreca*, 758 S.W.2d at 746.

### B. Apparent or Actual Authority

Bion also argues, that even if Grande Valley did not intend to be bound, that Grande Valley was bound under the theory of apparent or actual authority because its counsel signed the MSA. Grande Valley asserts that while a party *may* clothe his attorney with actual or apparent authority, this was a fact issue that the trial court determined in its favor.

Undoubtedly, a party may clothe his attorney with actual or apparent authority to reach and sign a settlement agreement that binds the client. *See Williams v. Nolan*, 58 Tex. 708, 713-14 (1883); *accord W. Beach Marine, Ltd. v. Erdeljac*, 94 S.W.3d 248, 256 (Tex. App.—Austin 2002, no pet.). The presumption of actual authority, however, may be rebutted by affirmative proof that the client did not authorize his attorney to enter into the settlement. *Johnson v. Rancho Guadalupe, Inc.*, 789 S.W.2d 596, 598 (Tex. App.—Texarkana 1990, writ denied) (op. on reh'g) (noting that there is no implied authority for an attorney to release the very right or interest he is employed to protect); *Fail v. Lee*, 535 S.W.2d 203, 207-08 (Tex. Civ. App.—Fort

Worth 1976, no writ) (affirming summary judgment enforcing settlement agreement absent proof that defendant did not authorize his attorney to settle).

Additionally, to establish apparent authority, the principal must make some manifestation to a third party that it is conferring authority or, by its actions, shows such a lack of ordinary care as to clothe the agent with indicia of authority. *NationsBank, N.A. v. Dilling*, 922 S.W.2d 950, 952-53 (Tex. 1996); *see also Ames v. Great S. Bank*, 672 S.W.2d 447, 450 (Tex. 1984). A fact issue may arise as to whether an attorney has authority to bind the client to a mediation agreement. *See Martin v. Black*, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (holding that fact disputes over existence of MSA should be settled by fact finder).

Bion asserts that because Grande Valley previously allowed its attorneys to sign binding contracts, that Grande Valley created apparent authority in its counsel, Murphy. Bion suggests the signature of Grande Valley's counsel, Murphy, under the heading "Approved as to Form" binds Grande Valley to the substance of the MSA.

It is well settled that when the notation "Approved as to Form" appears with an attorney's signature, it does not create the same consent to substance as the notation "Approved as to Form and Substance" or "Approved as to Content".[2] In fact, this court previously held "when an attorney's signature indicates 'Approved' he has simply approved the judgment as to form only, unless other language in the judgment indicates that the substance of the judgment was also agreed." *Bexar County Criminal Dist. Attorney's Office v. Mayo*, 773 S.W.2d 642, 644 (Tex. App.—San Antonio 1989, no writ). Even further, this court later held that "Approved and Agreed" standing alone does not establish a consent decree. *Oryx Energy Co. v. Union Nat'l*

---

[2] *See e.g., Hill v. Bellville Gen. Hosp.*, 735 S.W.2d 675, 678 (Tex. App.—Houston [1st Dist.] 1987, no writ) (holding notation "Approved," standing alone, insufficient to establish a consent judgment); *Morse v. Delgado*, 975 S.W.2d 378, 381 (Tex. App.—Waco 1998, no pet.) (holding that counsel's signature indicating that he did not oppose the form of the judgment did not make it an agreed judgment).

*Bank of Tex.*, 895 S.W.2d 409, 417 (Tex. App.—San Antonio 1995, writ denied). Bion presented no evidence at trial, and submits no authority on appeal, to suggest the attorneys meant anything more than the plain meaning of "Approved as to Form." Accordingly, the trial court did not err in its determination that the parties did not enter into a binding MSA.[3]

### DAMAGES

Finally, in its last two issues, Bion argues that it was entitled to substantial damages and attorneys' fees. However, having determined there is sufficient evidence to support the trial court's findings that Grande Valley did not breach the PSA or enter into the MSA, such arguments are without merit.

### CONCLUSION

Based on the record before us, the evidence supports the trial court's findings that Grande Valley did not breach the contract and that no mediated settlement agreement existed between the parties. Accordingly, the judgment of the trial court is affirmed.

Rebecca Simmons, Justice

---

[3] On appeal, Bion argues that the MSA "is also a Rule 11 Agreement." However, Bion did not refer to the MSA as a Rule 11 agreement in the pleadings, trial, or motion for new trial. Pursuant to Rule 33.1, Bion has waived this issue on appeal. TEX. R. APP. PROC. 33.1 (a prerequisite to presenting a complaint for appellate review is a record showing the complaint was made before the trial court and either a ruling or objection to a refusal to rule appears on the record).