EMERALD TEXAS, INC., Appellant,

v.

Robert PEEL and Cynthia Peel, Appellees.

No. 01–95–01286–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 22, 1996.

---

Pamela Jane Batterson, Chris E. Ryman, Michael O. Whitmire, Houston, for appellant.

Otto D. Hewitt, III, Alvin, Richard Warren Mithoff, Houston, for appellees.

Before COHEN, O'CONNOR and WILSON, JJ., concur.

## OPINION

COHEN, Justice.

Emerald Texas, Inc. (Emerald) appeals the denial of its plea in abatement and motion to compel arbitration.

On November 21, 1993, Robert W. Peel and Cynthia J. Peel (the Peels) entered into a "New Home Earnest Money Contract, Conventional Loan" with Emerald for the construction of a new house. Construction was completed in early 1994.

In May 1995, the Peels sued, alleging Emerald had entered into the contract[1] with them to build the home but (1) that Emerald negligently designed and constructed the home, (2) that Emerald breached its implied warranty that the home would be constructed in good and workmanlike manner, suitable for human habitation, and (3) that Emerald had violated the Texas Deceptive Trade Practices Act.

Emerald answered, including a plea in abatement and motion to compel arbitration, based on an arbitration provision in the contract:

ARBITRATION:

All allegations, claims, disputes and other matters in controversy between seller and buyer arising out of or relating to this agreement, the breach hereof, the property, any work or improvements performed hereunder, any warranty or representation related to the matters described in this agreement or any work or improvements performed hereunder, any alleged defects relating to the property and/or any claims brought under the Texas Deceptive Trade Liability Act, shall be decided by arbitration in accordance with the.... The foregoing agreement to arbitrate shall be enforceable under the prevailing Texas Arbitration Law....

Emerald contended that the Peels' claims were arbitrable because they all arose from

---

1. The Peels alleged the contract in a section of their original petition called "Facts," but did not allege a cause of action for breach of contract.

alleged defects in the home and from Emerald's handling of those claims under the earnest money contract, and that such claims were "factually intertwined" with the contract.

The Peels resisted arbitration, asserting that the arbitration clause did not cover this dispute, was unconscionable, and was fraudulently induced. Mr. Peel's affidavit stated that the contract was drafted by Emerald; that he was not represented by counsel when he entered the contract; that he has no expertise in homebuilding or in negotiating real estate transactions; that no mention was made about the arbitration clause or its relation to design and building defects; that the contract was presented as a "standard" earnest money contract; and that he received no consideration for waiving a trial.

On September 8, 1995, the court heard the oral argument of counsel on the motion. No evidence was taken. The court overruled Emerald's motion to compel arbitration and made the following findings of fact and conclusions of law:

(1) The Court finds as a matter of fact and a concludes as a matter of law that: The arbitration clause in the New Home Earnest Money Contract does not apply to this dispute;

(2) The Court finds as a matter of fact and concludes as a matter of law that: The arbitration clause contained in the New Home Earnest Money Contract, entitled "Conventional Loan," does not contemplate a remedy for the inadequate design or construction of the Plaintiffs' house, because it is a contract for the purchase of the house. Because the Peels are suing for negligence, gross negligence, breaches of warranties and violations of the Texas Deceptive Trade Practices Act, the clause is inapplicable.

(3) The Court finds as a matter of fact and concludes as a matter of law that: No valid arbitration or agreement exist as to the matters in controversy;

(4) The Court finds as a matter of fact and concludes as a matter of law that: The arbitration clause is not effective after the final closing documents are signed;

(5) The Court finds as a matter of fact and concludes as a matter of law: The issues and dispute do not arise out of or relate to the Earnest Money Contract;

(6) The Court finds as a matter of fact and concludes as a matter of law that: The arbitration clause when entered into by the Peels was unconscionable. The Peels were not told of the clause or its effects on their rights, the contract was presented as a standard earnest money contract, and the Peels did not receive any consideration for foregoing their legal right to a trial. Furthermore, the contract was prepared by the Defendant placing the Peels at a significant disadvantage in the bargaining because they were not represented by counsel and lacked the expertise required in this area. The Texas Arbitration Act, Tex. Rev.Civ.Stat.Ann. art. 224 (Vernon Supp. 1995), states: "[a] court shall refuse to enforce an agreement or contract provision to submit a controversy to arbitration if the court finds it was unconscionable at the time the agreement or contract was made" and as such, the Court forbids submitting the controversy to arbitration.

(7) The court finds as a matter of fact and concludes as a matter of law that: The arbitration clause is not enforceable because the clause in the contract was a product of fraud. The Peels were not represented by counsel when they entered into the contract and subsequently were not told of the existence of the arbitration clause. The Peels as a result relied on the representations and misrepresentations of the Defendant in the formation of the contract. The Texas Arbitration Act provides an agreement to arbitrate is enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." Tex.Rev.Civ.Stat.Ann. art. 224 (Vernon Supp.1995). Based upon this language, the Court finds that the arbitration provision is unenforceable.

(8) The Court finds as a matter of fact and concludes as a matter of law that: There was no showing of a known waiver of the right to a trial by jury;

(9) The Court finds as a matter of fact and concludes as a matter of law that: There

was no evidence of a known waiver of statutory rights contained in the applicable Texas Deceptive Trade Practices Act;

(10) The Court finds as a matter of fact and concludes as a matter of law that: The contractual claims are not so interwoven with the tort claims so as to fall within the purview of the arbitration clause contained within the Earnest Money Contract even assuming the arbitration clause to be valid.

In its first point of error, Emerald asserts that the trial court erred in denying its plea in abatement and motion to compel arbitration because there is no evidence that the arbitration provision is unenforceable under the Texas Arbitration Act.

■■■ An agreement to arbitrate is valid unless grounds exist at law or in equity for the revocation of any contract, such as fraud or unconscionability. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 171.001 (Vernon Supp. 1996). Texas law favors arbitration; thus, doubts regarding the scope of an arbitration agreement are resolved in favor of arbitration. *Texas Private Employment Ass'n v. Lyn–Jay Int'l Inc.*, 888 S.W.2d 529, 531 (Tex. App.—Houston [1st Dist.] 1994, no writ). Arbitration clauses are interpreted under general contract principles. *Belmont Constructors v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 357 (Tex.App.—Houston [1st Dist.] 1995, no writ). One who signs a contract is presumed to know its contents. *D. Wilson Constr. Co. v. McAllen Ind. Sch. Dist.*, 848 S.W.2d 226, 230 (Tex.App.—Corpus Christi 1992, writ denied). The best evidence of a signer's intent is the contract. *City of Pinehurst v. Spooner*, 432 S.W.2d 515, 518 (Tex.1968). Thus, there is nothing unconscionable per se about an arbitration contract. The burden was on the Peels to present evidence of unconscionability.

The sole evidence of unconscionability is the following from Mr. Peel's affidavit:

The contract clause was drafted by Emerald. I was not represented by a lawyer when I entered into this contract. During the discussions about this contract no mention was made concerning the arbitration clause or its alleged relationship to design and building defects. The contract was presented as a standard earnest money contract. I was not informed of the existence of the arbitration clause nor its alleged effect on our rights. I do not have any expertise in the area of homebuilding or negotiating real estate transactions. I did not receive any consideration for allegedly foregoing my legal right to a trial. I purchased the house for $234,072 ... The value of the house is minimal due to the damage caused by Emerald.

The trial court based its conclusion six, that the arbitration agreement was unconscionable, on these facts: (1) the Peels were not told of the clause or its effects on their rights, (2) the contract was presented as a standard earnest money contract, (3) the Peels did not receive any consideration for foregoing their right to a trial, and (4) the contract was prepared by Emerald, placing the Peels at a significant disadvantage because they were unrepresented by counsel and lacked expertise required in this area. None of these renders the arbitration provision unconscionable.

■■■ The Peels did not have to be told about the clause; having signed it, they are presumed to know its contents. They do not contend its contents were hidden or misrepresented. *Compare Gulf Interstate Eng'g Co. v. Pecos Pipeline & Producing Co.*, 680 S.W.2d 879, 881–83 (Tex.App.—Houston [1st Dist.] 1984, writ dism'd). Nothing shows the contract was not "standard." There is no requirement that a separate identifiable consideration be segregated and attributable to the arbitration provision; it was part of the entire bundle of rights the Peels acquired, along with the house. Nor is it unconscionable that Emerald prepared the contract rather than the Peels, who were unsophisticated in homebuilding and in real estate contracts. Finally, Texas law does not require counsel's approval for arbitration clauses in contracts exceeding $50,000. TEX.CIV.PRAC. & REM. CODE ANN. § 171.001(b) (Vernon Supp.1996).

The circumstances of this sale are routine. To declare them unconscionable would be to outlaw arbitration per se in the large majority of residential real estate sales contracts. Holding this provision unconscionable based on this evidence would negate the public

policy in favor of arbitration. We hold there is *no evidence to support finding six*, regarding unconscionability.

Emerald further contends there was no evidence that the arbitration clause was the product of fraud, as the trial court found in finding seven.

▇▇▇ The elements of fraud based on misrepresentation are: (1) a material representation was made; (2) it was false; (3) when the representation was made, the speaker knew it was false or the statement was made recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that it should be acted upon by the other party; (5) the other party acted in reliance upon the representation; and (6) the party thereby suffered injury. *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 185 (Tex.1977). There was evidence that Emerald represented that the earnest money contract was a "standard contract," but there was no evidence that this representation was false or made recklessly, nor that Emerald made it with the intent that the Peels act on it, nor that the Peels, in fact, relied on the statement. We conclude there was no evidence of fraud by misrepresentation.

▇▇▇ Concerning fraudulent concealment, a failure to disclose information is not fraudulent unless one has an affirmative duty to disclose, such as where a confidential or fiduciary relationship exists. *Tempo Tamers, Inc. v. Crow–Houston Four, Ltd.,* 715 S.W.2d 658, 669 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). No evidence showed a confidential or fiduciary relationship between the Peels and Emerald. We conclude there was no evidence of fraud by concealment.

We hold that the evidence was insufficient to support finding seven, that the Peels were defrauded.

▇▇▇ Because the Peels are presumed to know the contents of their contract, no evidence supports conclusion eight, that there was no known waiver of trial by jury. And because the Peels have not waived their DTPA rights, which they retain and may assert to the arbitrator, there is no evidence supporting finding nine, that there was no valid waiver of rights under the DTPA.

▇▇▇ Finally, Emerald attacks finding and conclusion four, that the arbitration clause is not effective after the final closing documents were signed. We agree with Emerald. The contract provides that "the representations, obligations, and warranties contained in this contract shall survive closing." One such obligation is the duty to arbitrate. We hold that no evidence supports finding and conclusion four.

Point of error one is sustained.

In its second point of error, Emerald asserts that the trial court erred in concluding that the arbitration provision does not cover the Peels' tort and DPTA claims. This attacks findings and conclusions one through three, five, and 10.

▇▇▇ Texas courts are favorably disposed toward arbitration agreements. *Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 268 (Tex.1992). Any doubts regarding the scope of an arbitration agreement are resolved in favor of arbitration. *Lyn–Jay,* 888 S.W.2d at 531. Whether arbitration is required is a matter of contract interpretation and a question of law for the court. *Kline v. O'Quinn,* 874 S.W.2d 776, 782 (Tex.App.—Houston [14th Dist.] 1993, writ denied). If, as here, the clause is broad, arbitration should not be denied unless it can be said with positive assurance that the particular dispute is not covered. *Id.*

> The arbitration clause provides:
>
> All allegations, claims, disputes and other matters in controversy between seller and buyer arising out of or relating to this agreement, the breach hereof, the property, *any work or improvements performed hereunder,* any warranty or representation related to the matter described in this agreement, or any *work or improvements performed hereunder, any alleged defects relating to the property and/or any claims brought under the Texas Deceptive Trade Practices Act,* shall be decided by arbitration. . . .

(Emphasis added.) It cannot be said with positive assurance that the arbitration clause

does not cover the Peels' claims of negligence, breach of warranty, and DTPA violations. The Peels did not assert a cause of action for breach of contract, but their reliance on tort theories is not controlling. The question is whether their petition shows a dispute covered by the clause. *Valero Energy Corp. v. Wagner & Brown,* 777 S.W.2d 564, 566 (Tex.App.—El Paso 1989, writ denied). The test should be based on a determination of whether the particular tort claim is so interwoven with the contract that it could not stand alone or, on the other hand, is a tort completely independent of the contract and could be maintained without reference to the contract. *Id.*

Under the *Valero* test, it is plain that the negligence, breach of warranty, and DTPA claims are not completely independent of the contract nor could they be maintained without reference to the contract. In *Valero,* where the arbitration provision was narrower than this one, the plaintiff Brown sued Valero, not for breach of contract, but for wrongful curtailment of casinghead gas production, sounding in tort. *Valero,* 777 S.W.2d at 565. The court held the plaintiff was asserting a tort claim that was directly related to its rights under the contract, and that it could have just as easily alleged a breach of contract action. *Id.* at 566. Here, the Peels could have just as easily brought a breach of contract action. The duty to design and build the Peels' house without negligence and in a good and workmanlike manner, under the Peels' negligence and breach of warranty claims, and the Peels' consumer status under their DTPA claim, all arise from, and not independently of, the contract.

We hold, as a matter of law, that the clause applies to this dispute (finding/conclusion one); that the clause contemplates a remedy for inadequate design and construction and is not limited because "it is a contract for the purchase of a house" (finding two); that a valid agreement "exists as to the matters in controversy" (finding three); that the dispute arises out of and relates to the earnest money contract (finding five); and that the tort claims fall within the arbitration clause (finding 10). No evidence supports findings one through three, five, and 10.

Point of error two is sustained.

The judgment is reversed, and judgment is rendered compelling arbitration and abating the cause pending arbitration.