In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-02-00186-CV

____________


IN RE MARK HILL AND BARBARA HILL, Relators






Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 Relators, Mark Hill and Barbara Hill, filed a petition for writ of mandamus
challenging the trial court's order granting the motions of Stonewood Administrative
Services Corporation (Stonewood) and Sheldon Kaplan and Home of Texas (Home) to
compel arbitration of the claims of the Hills against Stonewood and Kaplan. We deny the
petition.


BACKGROUND


 In November 1998, Barbara Crouch, now Barbara Hill, bought a house from
Stonewood, which was owned by Kaplan. At or near the time of the purchase, Crouch filled
out an "Application for Warranty Form" for a 10-year warranty provided by Home. A box
at the top of the application states, "LIMITED WARRANTY." The "Settlement/Closing
Date" is filled in as 11/10/98. The text of the application states, 

 Both the Purchaser(s) and the Builder must sign this Application
acknowledging that: (a) this warranty is an express limited warranty
administered by HOME; (b) WUIC's liability is specifically limited by the
terms and provisions of the HOME Warranty Program; (c) a copy of this
Application, the appropriate HOME Warranty book and any forms needed to
comply with state or local governmental requirements have been provided to
the Purchaser(s); and (d) this warranty includes a provision for binding
arbitration.


The application also contains the following paragraph: 

 Notice: This Warranty will be found to be invalid if this Application is
not fully completed, if revisions or alterations are made to this Application
without written consent of HOME or if the requested copies and fees from the
Builder are not received by HOME within ten (10) business days after the
Effective Date of Warranty (#4 above). Only original Applications will be
accepted unless a HOME Representative has signed here: _____________.


A box near the bottom of the application states, 

 BINDING ARBITRATION: By signing your initials in the space provided,
you acknowledge that you have carefully read and understand the section in
your warranty book explaining arbitration procedures. 

 

Blank lines for initials and dates are not filled in. Above the signature lines, the application
states, "SIGNATURES: I/We have read and understand the HOME Warranty book." The
application is signed by Crouch and dated 11/10/98 and signed by Kaplan and dated 11/5/98. 

 In 2001, the Hills (1) filed suit against Stonewood and Kaplan, requesting that the limited
warranty be declared invalid and asserting violations of the Texas Deceptive Trade Practices
Act (2) by both defendants. Stonewood and Kaplan filed a third-party claim against Home, and
Home and Stonewood and Kaplan moved for an order compelling binding arbitration
pursuant to the agreement to arbitrate in the limited warranty. After two hearings on the
motions to compel arbitration, the trial court granted the motions. 

DISCUSSION


 Whether parties have agreed to arbitrate is a question of fact for the trial court to
decide. Belmont Constructors, Inc. v. Lyondell Petrochem. Co., 896 S.W.2d 352, 356 (Tex.
App.--Houston [1st Dist.] 1995, no writ). The trial court's ruling may be challenged for
legal sufficiency. Id. Under this no-evidence standard, we review the ruling by looking only
at the evidence tending to support the finding and disregard all evidence to the contrary to
determine whether any evidence supports the finding of the trial court. Id. 

 The Hills first contend that no contract to arbitrate was ever formed. (3) They argue that
there was no bargained-for exchange, no meeting of the minds, and no consideration for the
warranty. 

 The Hills' argument is similar to that asserted in Emerald Texas, Inc. v. Peel, 920
S.W.2d 398, 402 (Tex. App.--Houston [1st Dist.] 1996, no writ). The Peels contended that
they were not told about the arbitration clause in their contract for the construction of a new
home. They also argued that there was no consideration for the arbitration clause and that
they were unrepresented by counsel at the time they signed the contract. Id. This Court held
that these factors did not render the arbitration provision unconscionable. Id. The Peels did
not have to be told about the arbitration clause because they were presumed to know the
contents of the contract they signed. Id. Furthermore, there was no requirement for separate
consideration for the arbitration clause because it was part of the entire contract. Id. 

 Like the Peels, Hill signed the application for the warranty. The face of the
application gave Hill notice that the warranty included an arbitration provision for any
unresolved warranty issues. Hill did not have to be told about the arbitration provision
because she is presumed to know the contents of the document she signed. See id. 

 Hill's argument that there was no consideration for the warranty is also without merit. 
Hill paid a fee of $999 for the warranty, and, in exchange, Kaplan and Stonewood provided
a 10-year written limited warranty on Hill's new house. No separate consideration for the
arbitration agreement was required, see id., although there was consideration for the
arbitration agreement in that both parties agreed to forego their right to a jury trial. 

 The Hills also argue that the warranty was invalid because the application form stated
that, if not completely filled out, the warranty was invalid, and there were blanks on the form,
including the box indicating that Hill had read and understood the warranty book. The
problem with the Hill's argument is that it was Hill, as the applicant, who was required to
complete and submit the warranty application form. This requirement was for the benefit of
Home, who would be bound by the warranty, because the application provided Home with
information about the subject of the warranty. Therefore, the right to invalidate the warranty
for lack of completeness belonged to Home, not to Hill. (4) 

 Accordingly, we overrule the Hills' first issue.

 In their second issue, the Hills contend that the warranty was unenforceable because
it was unconscionable as a result of their unequal bargaining position in relation to Kaplan
and their lack of experience in home building. These same arguments were rejected by this
Court in Emerald Texas. Id. at 402. Accordingly, we overrule the Hills' second issue. 

 In their third issue, the Hills contend that there is no evidence that Hill knowingly and
intentionally waived her right to a trial by jury. However, Hill is presumed to know the
contents of the document she signed, see id., and thus, her signature on the application is
some evidence that she had read and understood the Home Warranty book. Accordingly, we
overrule the Hills' third issue. 


 The Hills' petition is denied. 



 Sam Nuchia

 Justice


Panel consists of Justices Hedges, Nuchia, and Duggan. (5) 


Do not publish. Tex. R. App. P. 47.

1. Barbara Crouch married Mark Hill, and both are plaintiffs in the underlying lawsuit. 
2. The Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com.
Code Ann. § 17.41-.63 (Vernon 1987 & Supp. 2002). 
3. There is no indication in the record that Mark Hill was involved in the purchase of the
house. Therefore, the fact that he was not a party to the agreement to arbitrate is not relevant. 

4. Furthermore, there is evidence that the uncompleted portions of the application were
not material to the warranty. During a hearing on the motion to compel arbitration, Kaplan
testified that some of the information omitted was not important, such as the lot and block
number when there is a street address, and the date of first occupancy when the warranty
begins on the date of closing. He testified that some of the blanks are not filled in because
the information is already known by Home, which inspects the building site at various stages
of the construction. He also testified that the failure to initial the "Binding Arbitration" box
was not important because Hill had ample time to review the warranty book, which she was
given when she first bought the house. 
5. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.