In The


Court of Appeals


Ninth District of Texas at Beaumont





NO. 09-03-090 CV







IN RE CINGULAR WIRELESS, L.L.C.









Original Proceeding






MEMORANDUM OPINION



 In this original mandamus proceeding, Cingular Wireless, L.L.C., seeks relief from
an order denying Cingular's motion to compel arbitration. As Cingular is entitled to relief
under the Federal Arbitration Act, we conditionally grant the writ of mandamus. 

 A party seeking to compel arbitration must establish the existence of an agreement
to arbitrate and that the claims raised are within the scope of that agreement. See Cantella
& Co. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996). Once these are established, the
trial court must compel arbitration and stay its own proceedings. See In re Oakwood
Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999). There is no adequate remedy at
law for the erroneous denial of a party's right to arbitrate under the Federal Arbitration
Act, thus the party is entitled to mandamus relief. See Cantella & Co., 924 S.W.2d at
945.

 Cingular's Wireless Service Agreement includes an arbitration provision. The
dispute between the parties arises out of the contract - the Original Petition alleges
Cingular billed the plaintiff for charges and fees which are not authorized by the contract
and are in excess of those that should be charged under the contract. The real party in
interest, Barney "Bud" Threadgill, argues Cingular waived its right to compel arbitration
by removing the cause to federal court. 

 To find waiver, it must be established that a party acted inconsistently with its right
to arbitrate and such actions prejudiced the other party. See Oakwood, 987 S.W.2d at 574;
In re Certain Underwriters at Lloyd's, 18 S.W.3d 867, 876 (Tex. App.--Beaumont 2000)
(orig. proceeding). Threadgill acknowledges removal to federal court does not in and of
itself constitute waiver but that it should be considered as part of the evaluation as to
whether the party acted in a manner indicating an intent to waive arbitration. In the
hearing on its motion, Cingular asserted the removal was for determination of whether the
Federal Communications Act (FCA) preempted the cause in state court. Upon a
determination it was not preempted, the federal court remanded the cause to state court and
Cingular asserted its right to arbitration. We see no basis for finding the removal indicated
an intent to waive arbitration.

 Regarding prejudice, Threadgill only asserts, "the fact remains that Cingular's
wrongful removal, and the motion practice attendant thereto, can[not] be ignored." 
Threadgill does not argue, much less establish, that Cingular had no basis for contending
the FCA preempted a state cause of action. Threadgill's brief does not, in any manner,
inform this court how Cingular's action operated to his detriment. There is simply no
demonstration of prejudice. Absent such a showing, waiver will not be found. See In re
Bruce Terminix Co., 988 S.W.2d 702, 704 (Tex. 1998).

 Threadgill further contends the arbitration clause was procedurally unconscionable,
in that it did not represent a true agreement between himself and Cingular based on the
circumstances of the transaction. Threadgill claims he did not know of the existence of the
arbitration provision and was informed by Cingular's sales representatives that the
documents he was signing were merely memorializations of the core costs and minute
allocations in his service plan. Threadgill refers to his affidavit, which was admitted into
evidence at the hearing on Cingular's motion to compel arbitration, as demonstrating a
"complete lack of notice of the arbitration language contained about 3/4 of the way through
the 6-point type on the back of the Wireless Service Agreement he was asked to sign, and
indeed Threadgill's affidavit states that he had never seen the peculiar [sic] page in
question until after the commencement of this litigation." 

 As noted in Emerald Texas, Inc. v. Peel, 920 S.W.2d 398, 402 (Tex. App.--
Houston [1st Dist.] 1996, no writ), "[o]ne who signs a contract is presumed to know its
contents." In Peel, the sole evidence of unconscionability was from Peel's affidavit
asserting that "no mention was made concerning the arbitration clause . . . I was not
informed of the existence of the arbitration clause nor its alleged effect on our rights." Id. 
The court concluded "[t]he Peels did not have to be told about the clause; having signed
it, they are presumed to know its contents. They do not contend its contents were hidden
or misrepresented." Id.

 Threadgill's affidavit asserts:

 At no time did anyone from Cingular Wireless state, suggest or imply that
I would have to waive my right to trial by jury, or consent to arbitration, .
. . if I signed up with Cingular Wireless. 


 . . . I was asked to sign and/or initial a series of papers. I was not told that
the papers had any legal significance other than memorializing the particular
rate plan and phone purchase. I was not told nor was it suggested that I
should scrutinize these documents to see if they contained any legal
provisions. I was not told nor was it suggested that signing any of these
papers or initialing any of these papers would cause me to lose my right to
come to court or would force me to consent to arbitration . . ..


 I did not read, nor was I aware of, any of the language that claims to cause
me to lose my right to come to court or would force me to consent to
arbitration . . .. I do not recall ever seeing the long page with all of the
small-print writing, nor do I know how this page might related to either of
the other two pages . . ..


 A party's failure to read the agreement does not excuse him from arbitration. See
EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 90 (Tex. 1996). Because of the legal
presumption that a party who signs a contract knows its contents, we reject Threadgill's
argument that because he did not see the arbitration provision, the agreement was procured
in an unconscionable manner. See Cantella & Co., 924 S.W.2d at 944. See also In re
H.E. Butt Grocery Co., 17 S.W.3d 360, 372 (Tex. App.--Houston [14th Dist.] 2000)
(orig. proceeding).

 The trial court could only have reached one conclusion, that Threadgill agreed to
arbitration, and therefore was required to compel arbitration and stay its own proceedings. 
See In re Oakwood Mobile Homes, 987 S.W.2d at 573. We conditionally grant the writ
of mandamus. The trial court is directed to order all claims to arbitration. We are
confident the trial court will follow this decision; the writ will issue only if the trial court
fails to do so.

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM

Submitted March 18, 2003

Opinion Delivered April 14, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.