11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Malcolm S. Robinson
            Appellant
Vs.                  No. 11-03-00028-CV – Appeal from Dallas County
Royce B. West; Julia L. S. Gooden a/k/a 
Julia L. S. Gooden Wood; and Robinson, 
West, & Gooden, P.C.

            Appellees
 
            Malcolm S. Robinson, Royce B. West, and Julia L. S. Gooden are attorneys. Robinson,
West, & Gooden, P.C. (the law firm) is a law firm in which the parties are partners. Robinson filed
suit against West, Gooden, and the law firm and sought, among other things, dissolution of the law
firm. Appellees filed a counterclaim against Robinson in which they sought affirmative legal and
equitable relief. Subsequently, by agreement, the parties submitted their claims to arbitration. The
arbitrator entered his award in which he denied all of the relief that had been requested by Robinson;
he granted most of the relief that had been requested by appellees. Being dissatisfied with the trial
court’s subsequent confirmation of the arbitrator’s award, Robinson filed this appeal. Because the
matter of the dissolution of the corporation is the central issue for us to decide, we omit any
discussion of the remaining trial court claims of the parties. We reverse and render judgment
compelling arbitration of the dissolution of the corporation, and we abate the cause in the trial court
pending arbitration of the actual dissolution of the law firm. The judgment is otherwise affirmed.
            Before the case was submitted to arbitration, the parties filed a joint motion to abate with the
trial court. In that motion, the parties stated:
            The parties however, have agreed and do hereby agree to arbitrate their
disputes and dissolve the corporation, to-wit: Robinson West & Gooden P.C. (sic)
 
            For the above reasons, the Court should abate the proceeding until the parties
have submitted their dispute to arbitration.
 
The trial court entered a written order in which it approved the agreement and abated the cause
pending arbitration. An arbitrator for the American Arbitration Association conducted the arbitration
in accordance with the rules and procedures of that Association.
            Robinson submitted an amended claim for relief to the arbitrator. He requested, in part, that
the arbitrator include the following in the award:
4.        Declaration of dissolution of Robinson West & Gooden P.C. (sic) pursuant
to agreement of all Shareholders and Directors expressly contained in Join[t]
Motion to Abate executed by Malcolm S. Robinson, Royce B. West and Julia
L. S. Gooden and Agreed Order of the 116th District Court, Dallas County,
Texas.
 
5.         Order an Accounting and Audit of Robinson West & Gooden P.C. (sic) for
fiscal years 1995, 1996, 1997, 1998, 1999, 2000, 2001 and 2002.
 
8.         Order liquidation of all assets of Robinson West & Gooden P.C., (sic)
payment of all debts, liabilities, outstanding wages and bonuses. Subsequent
to aforesaid payment, all remaining assets to be equally distributed to
Shareholder, Malcolm S. Robinson, Royce B. West and Julia L. S. Gooden. 

9.         Ordering windup of all affairs of Robinson West & Gooden P.C., (sic) no
later than June 30, 2002.
 
10.       Order the last date for Robinson West & Gooden P.C. (sic) to conduct
business as an entity and that all clients, vendors, independent contractors,
employees, etc., receive at least forty five (45) days prior notice of the final
date of business for Robinson West & Gooden P.C. (sic)
 
11.       Order that Robinson West & Gooden P.C.’s (sic) telephone number, fax
number and e-mail addresses, terminate and cease to exist on the final date
of windup of all Robinson West & Gooden P.C.’s (sic) affairs.
 
Appellees filed a claim with the arbitrator in which they asked, among other things, that the
corporation not be dissolved.
            Robinson presents three issues in this appeal. The first and third issues raise a common
question, and we will discuss them together. Robinson argues that the trial court erred when it
confirmed the arbitration award because the arbitrator not only disregarded the terms of the
agreement, but he also made the award in direct contravention of the terms of the parties’ agreement.
            This court reviews a trial court’s decision to confirm or to vacate an arbitration award de
novo. Babcock & Wilcox Company v. PMAC, Ltd., 863 S.W.2d 225 (Tex.App. – Houston [14th
Dist.] 1993, writ den’d). Whether an issue was submitted to the arbitrator is a question of law. 
Babcock & Wilcox Company v. PMAC, Ltd., supra. The agreement in this case is written broadly. 
In such a case, arbitration should not be denied unless it can be said with positive assurance that the
particular dispute is not covered. Emerald Texas, Inc. v. Peel, 920 S.W.2d 398 (Tex.App. –
Houston [1st Dist.] 1996, no writ). Texas law favors arbitration, and we resolve any doubts
regarding the scope of an arbitration agreement in favor of arbitration. Emerald Texas, Inc. v. Peel,
supra.
            An agreement to arbitrate will be interpreted according to its plain meaning as long as it does
not defeat the intention of the parties. Pepe International Development Company v. Pub Brewing
Company, 915 S.W.2d 925 (Tex.App. – Houston [1st Dist.] 1996, no writ). A broad arbitration
agreement is read to be inclusive rather than exclusive. Pepe International Development Company
v. Pub Brewing Company, supra. The intent of the parties will be determined by both the arbitration
agreement and the issues the parties submitted to the arbitration. Executone Information Systems,
Inc. v. Davis, 26 F.3d 1314 (5th Cir. 1994); Thomas v. Prudential Securities, Inc., 921 S.W.2d 847
(Tex.App. - Austin 1996, no writ); Island on Lake Travis, Ltd. v. Hayman Company General
Contractors, Inc., 834 S.W.2d 529 (Tex.App. - Austin 1992), writ granted, judgm’t vacated w.r.m.,
848 S.W.2d 84 (Tex.1993). 
            In their agreed motion to abate their lawsuit and to submit their claims to arbitration, the
parties set the parameters of their Rule 11 agreement. See TEX.R.CIV.P. 11. Using two infinitive
phrases, the parties agreed to do two things: (1) to arbitrate their disputes and (2) to dissolve the
corporation. By its written order, the trial court approved that agreement. When Robinson
submitted his claim to the arbitrator, he did not ask the arbitrator to decide whether to dissolve the
corporation. Robinson asked the arbitrator to declare:
[D]issolution of Robinson West & Gooden P.C. (sic) pursuant to agreement of all
Shareholders and Directors expressly contained in Join[t] Motion to Abate executed
by Malcolm S. Robinson, Royce B. West and Julia L. S. Gooden and Agreed Order
of the 116th District Court, Dallas County, Texas. (Emphasis added) 
 
The parties had agreed on the question of whether to dissolve the corporation; it remained only for
the arbitrator to accomplish that dissolution. We acknowledge that appellees, in their claim to the
arbitrator, asked the arbitrator not to dissolve the corporation, but we point out that appellees had
already entered into a binding Rule 11 agreement to the contrary and that the trial court had approved
the agreement. Reading the agreement of the parties and the issues submitted to the arbitrator
pursuant to that agreement together, we hold that it was the intent of the parties to dissolve the law
firm and to submit the actual dissolution to the arbitrator. 
            An award may be vacated when an arbitrator exceeds his authority. TEX. CIV. PRAC. &
REM. CODE ANN. § 171.088 (Vernon Pamph. Supp. 2004); Thomas v. Prudential Securities, Inc.,
supra. An award that goes beyond the authority of the arbitrator is void. Lone Star Cotton Mills v.
Thomas, 227 S.W.2d 300 (Tex.Civ.App. - El Paso 1949, writ ref’d n.r.e.). Because the arbitrator
made the award in contravention of the agreement of the parties, he exceeded his authority; and the
trial court erred when it confirmed the award. Robinson’s first and third issues on appeal are
sustained.
            In Robinson’s second issue on appeal, he complains that the trial court erred when it
confirmed the award because the arbitrator had not decided all of the issues before him; he had not
decided the issues relative to the actual dissolution of the corporation. An arbitrator must decide all
of the issues submitted or the award will not be final. Smith v. Barnett, 373 S.W.2d 762
(Tex.Civ.App. - Dallas 1963, no writ). The parties agreed to dissolve the law firm, and the issues
of the actual dissolution had been submitted to the arbitrator in Robinson’s claim. However, the
arbitrator did not address the details of dissolution. Because the arbitrator did not address all of the
issues submitted to him, the award was not final; and the trial court erred in confirming it. 
Robinson’s second issue on appeal is sustained.
            We reverse the judgment of the trial court and render judgment compelling arbitration of the
mechanics of the dissolution of the corporation, and we abate the cause in the trial court pending that
arbitration. See Emerald Texas, Inc. v. Peel, supra. The judgment is otherwise affirmed.
 
January 30, 2004                                                                                JIM R. WRIGHT
Not designated for publication. See TEX.R.APP.P. 47.2(a).             JUSTICE
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.