Opinion filed March 29, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-03-00028-CV 

                                                     __________

 

                                MALCOLM
S. ROBINSON, Appellant

 

                                                             V.

 

              ROYCE
B. WEST; JULIA L. S. GOODEN A/K/A JULIA L. S.

    GOODEN WOOD;
AND ROBINSON, WEST, & GOODEN, P.C., Appellees

 



 

                                         On
Appeal from the 116th District Court 

                                                          Dallas County, Texas

                                                Trial
Court Cause No. 00-2913-F

 



 

                                                    O
P I N I O N   O N   R E M A N D

 

Malcolm S. Robinson, Royce B. West, and Julia L.
S. Gooden were partners in the law firm known as Robinson, West, and Gooden,
P.C.  Robinson filed suit against West,
Gooden, and the law firm alleging various causes of action, including one for
dissolution of the law firm.  Appellees
filed several counterclaims.  By an
agreed motion, the parties agreed to submit their claims to arbitration.  That motion contained the following relevant
provisions:

1. 
Plaintiff and Defendants have both sued each other in the above
referenced matter.

 








2.  The
parties, however, have agreed and do hereby agree to arbitrate their disputes
and dissolve the corporation to wit: Robinson, West & Gooden P.C.

 

Robinson submitted his demand for arbitration to
the American Arbitration Association on September 21, 2001.  The parties and the arbitrator held a
preliminary hearing by conference call on November 21, 2001.  They agreed upon a scheduling order under the
terms of which the parties were to Aamend/specify
claims and/or counterclaims@
by February 1, 2002.  Robinson filed his
amended claims for relief on January 28, 2002. 
Appellees filed theirs on February 1, 2002, and included a claim that
the corporation not be dissolved.

The arbitrator=s
award denied the relief requested by Robinson and did not dissolve the
corporation.  The trial court confirmed
the award, and Robinson perfected an appeal to this court.  We reversed the trial court=s judgment and rendered judgment
compelling arbitration of the dissolution issue.

The Texas Supreme Court reversed this court and
remanded the case to us.  West v.
Robinson, 180 S.W.3d 575 (Tex.
2005).  On remand, we are to consider
appellees= argument
that the parties modified the arbitration agreement and that Robinson waived
his complaint about the scope of the arbitration agreement.  We now affirm the trial court=s judgment confirming the arbitrator=s award.

This court reviews a trial court=s decision to confirm or to vacate an
arbitration award de novo.  Babcock
& Wilcox Co. v. PMAC, Ltd., 863 S.W.2d 225 (Tex. App.CHouston [14th Dist.] 1993, writ den=d). 
Whether an issue was submitted to the arbitrator is a question of
law.  Babcock, 863 S.W.2d at
229-30.  Arbitration should not be denied
unless it can be said with positive assurance that the particular dispute is
not covered.  Emerald Texas, Inc. v.
Peel, 920 S.W.2d 398 (Tex. App.CHouston
[1st Dist.] 1996, no writ).  Texas law favors
arbitration, and we resolve any doubts regarding the scope of an arbitration
agreement in favor of arbitration.  Emerald,
920 S.W.2d at 402.

Rule 6 of the American Arbitration Association
Commercial Arbitration Rules provides:

After filing of a claim, if either party desires
to make any new or different claim or counterclaim, it shall be made in writing
and filed with the AAA. . . . After the arbitrator is appointed, however, no
new or different claim may be submitted except with the arbitrator=s consent.

 








The rules of the American Arbitration Association
provide for the submission of new or different claims.  The rules also provide for the acceptance of
those claims by the arbitrator.  When
appellees submitted their claims to the arbitrator on February 1, 2002, they
included a claim that the corporation not be dissolved.  The arbitrator accepted the claim and did not
dissolve the corporation.

Rule 8 of the American Arbitration Association
Commercial Arbitration Rules provides:

a.  The
arbitrator shall have the power to rule on his or her own jurisdiction,
including any objections with respect to the existence, scope, or validity of
the arbitration agreement.

 

. . . .

 

c.  A party
must object to the jurisdiction of the arbitrator or to the arbitra-bility of a
claim or counterclaim no later than the filing of the answering statement to
the claim or counterclaim that gives rise to the objection.  The arbitrator may rule on such objections as
a preliminary matter or as part of the final award.

 

If Robinson had timely objected to appellees= counterclaim that the corporation not
be dissolved, we would have a different question before us.  However, Rule 39 of the American Arbitration
Association Commercial Arbitration Rules makes it clear that a party waives the
right to object if he Aproceeds
with the arbitration after knowledge that any provision or requirement of [the]
rules has not been complied with.@  Robinson did not object to the claim of
non-dissolution. He proceeded with the arbitration and waived any complaint he
otherwise might have legitimately had.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 29, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.