**Malcolm S. ROBINSON, Appellant,**

v.

**Royce B. WEST; Julia L.S. Gooden a/k/a Julia L.S. Gooden Wood; and Robinson, West, & Gooden, P.C., Appellees.**

No. 11–03–00028–CV.

Court of Appeals of Texas, Eastland.

March 29, 2007.

Rehearing Overruled April 26, 2007.

Mark M. Donheiser, Mathis & Donheiser, Dallas, for appellant.

Malcolm S. Robinson, Dallas, pro se.

R.K. (Kris) Weaver, Dallas, for appellees.

Julia L.S. Gooden, Royce West, West & Gooden, Dallas, pro se.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

### OPINION ON REMAND

JIM R. WRIGHT, Chief Justice.

Malcolm S. Robinson, Royce B. West, and Julia L.S. Gooden were partners in the law firm known as Robinson, West, and Gooden, P.C. Robinson filed suit against West, Gooden, and the law firm alleging various causes of action, including one for dissolution of the law firm. Appellees filed several counterclaims. By an agreed motion, the parties agreed to submit their claims to arbitration. That motion contained the following relevant provisions:

1. Plaintiff and Defendants have both sued each other in the above referenced matter.

2. The parties, however, have agreed and do hereby agree to arbitrate their disputes and dissolve the corporation to wit: Robinson, West & Gooden P.C.

Robinson submitted his demand for arbitration to the American Arbitration Association on September 21, 2001. The parties and the arbitrator held a preliminary hearing by conference call on November 21, 2001. They agreed upon a scheduling order under the terms of which the parties

were to "amend/specify claims and/or counterclaims" by February 1, 2002. Robinson filed his amended claims for relief on January 28, 2002. Appellees filed theirs on February 1, 2002, and included a claim that the corporation not be dissolved.

The arbitrator's award denied the relief requested by Robinson and did not dissolve the corporation. The trial court confirmed the award, and Robinson perfected an appeal to this court. We reversed the trial court's judgment and rendered judgment compelling arbitration of the dissolution issue.

The Texas Supreme Court reversed this court and remanded the case to us. *West v. Robinson*, 180 S.W.3d 575 (Tex.2005). On remand, we are to consider appellees' argument that the parties modified the arbitration agreement and that Robinson waived his complaint about the scope of the arbitration agreement. We now affirm the trial court's judgment confirming the arbitrator's award.

■■■ This court reviews a trial court's decision to confirm or to vacate an arbitration award de novo. *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225 (Tex. App.-Houston [14th Dist.] 1993, writ den'd). Whether an issue was submitted to the arbitrator is a question of law. *Babcock*, 863 S.W.2d at 229–30. Arbitration should not be denied unless it can be said with positive assurance that the particular dispute is not covered. *Emerald Texas, Inc. v. Peel*, 920 S.W.2d 398 (Tex. App.-Houston [1st Dist.] 1996, no writ). Texas law favors arbitration, and we resolve any doubts regarding the scope of an arbitration agreement in favor of arbitration. *Emerald*, 920 S.W.2d at 402.

Rule 6 of the American Arbitration Association Commercial Arbitration Rules provides:

After filing of a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with the AAA.... After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

■■■ The rules of the American Arbitration Association provide for the submission of new or different claims. The rules also provide for the acceptance of those claims by the arbitrator. When appellees submitted their claims to the arbitrator on February 1, 2002, they included a claim that the corporation not be dissolved. The arbitrator accepted the claim and did not dissolve the corporation.

Rule 8 of the American Arbitration Association Commercial Arbitration Rules provides:

a. The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement.

. . . .

c. A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

If Robinson had timely objected to appellees' counterclaim that the corporation not be dissolved, we would have a different question before us. However, Rule 39 of the American Arbitration Association Commercial Arbitration Rules makes it clear that a party waives the right to object if he "proceeds with the arbitration after knowledge that any provision or requirement of [the] rules has not been com-

plied with." Robinson did not object to the claim of non-dissolution. He proceeded with the arbitration and waived any complaint he otherwise might have legitimately had.

The judgment of the trial court is affirmed.